IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICHARD LOPEZ, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01671 (WBP) |
| ) | |
| JANUS INTERNATIONAL GROUP, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses ("Motion"; ECF No. 67), which seeks attorneys' fees and litigation expenses from Mario Angel, Clara Ramirez, and Angel Storage Construction, LLC (collectively, "Angel Storage Defendants"). For the below reasons, Plaintiffs' Motion is GRANTED.

**I.   Attorneys' Fees**

Under the so-called "American rule," each litigant pays his own attorney's fees. *Moore v. Southtrust Corp.*, 392 F. Supp. 2d 724, 730 (E.D. Va. 2005) But the Supreme Court has "recognized departures from the American Rule only in 'specific and explicit provisions for the allowance of attorneys' fees under selected statutes.'" *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 412 U.S. 240, 260 (1975)). The Trafficking Victims Protection Reauthorization Act ("TVPRA") is such a statute, and it gives plaintiffs the right to recover reasonable attorney's fees. *See* 18 U.S.C. § 1595(a). Under the Federal Rules of Civil Procedure, a party asking for attorney's fees should motion the court no later than 14 days after the entry of judgment. FED. R. CIV. P. 54(d)(2)(B)(i). Plaintiffs

filed this Motion 16 days after the Court granted their motion for default judgment (ECF No. 66). But the Court does not believe that this Motion should be procedurally denied, and the Federal Rules of Civil Procedure allow for motions for attorney's fees to be filed more than 14 days after judgment if the Court permits it. *See* FED. R. CIV. P. 54(d)(2)(B).

In calculating attorney's fees, "a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The Fourth Circuit provides twelve factors in determining the reasonable number of hours and rate:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The Court need not consider every factor.

Considering the factors explained by the Fourth Circuit in *Robinson*, the Court finds that awarding attorneys' fees is reasonable here. Plaintiffs' counsel are Mark Hanna, Kristin Donovan, and Rachel Nadas (collectively, "Plaintiffs' counsel").[1] (ECF No. 68 at 5-6.) In total, Plaintiffs' counsel billed over 1,250 hours on this matter but are only seeking attorneys' fees for

---

[1] Mr. Hanna is an attorney at Murphy Anderson PLLC, Ms. Donovan is an attorney at the Legal Aid Justice Center, and Ms. Nadas is an attorney at Handley Farah & Anderson PLLC. (ECF No. 68 at 5-6).

2

137 hours of time. (*Id.* at 5.) Mr. Hanna is seeking fees for 42 hours of work, Ms. Donovan is seeking fees for 70 hours of work, and Ms. Nadas is seeking fees for 25 hours of work. The Court recognizes Plaintiffs' counsel's good-faith effort to reduce the number of hours worked to account for any redundant hours reported and streamline the Court's review of this Motion.

Plaintiffs' counsel has alleged that this was a complex case that involved clients who performed construction work in various states for multiple defendants. (ECF No. 68 at 6.) Plaintiffs' counsel spent significant time and resources interviewing Plaintiffs and researching applicable law to determine how trafficking and wage-and-hour claims applied to these facts. (ECF No. 68-1 ¶ 6; ECF No. 68-3 ¶ 11.) Plaintiffs' counsel assert that they used several skills to succeed in this case, including legal skills to analyze the TVPRA, and Spanish language skills to effectively communicate with Plaintiffs, who are not fluent in English. (ECF No. 68 at 7.)

Plaintiffs' counsel have a combined 41 years of litigation experience,[2] a good reputation in the legal community, and claim they have incurred opportunity costs by pursuing this action. (*Id.* at 7-8; ECF No. 68-4 ¶ 13; ECF No. 68-5 ¶ 10, 11). Plaintiffs' counsel achieved a desirable result for Plaintiffs and took on a difficult case working with Plaintiffs who do not speak English and reside outside of Virginia. (ECF No. 68 at 10.)

In calculating attorneys' fees, Plaintiffs' counsel used the following hourly rates: Mr. Hanna charged $656/hour, Ms. Donovan charged $440/hour, and Ms. Nadas charged $524/hour. (*Id.* at 8.) An hourly rate reasonable if the rate is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable, skill, experience, and reputation." *Lux v. Judd*, 868 F. Supp. 2d 519, 531 (E.D. Va. 2012) (quoting *Blum v. Stenson*,

---

[2] Mr. Hanna has 25 years of litigation experience, Ms. Donovan has 7 years of litigation experience, and Ms. Nadas has 9 years of litigation experience.

465 U.S. 886, 890 n.11 (1984)). When evaluating requests for attorneys' fees, courts in the Eastern District of Virginia have used as a guideline the *Vienna Metro* matrix. *Gomez v. Seoul Gool Dae Gee Inc.*, 434 F. Supp. 3d 381, 385 (E.D. Va. 2020); *see also Vienna Metro LLC v. Pulte Home Corp.,* 786 F. Supp. 2d 1090 (E.D. Va. 2011). According to the matrix, appropriate hourly rates based on years of experience are as follows:

| Range of Hourly Rates in Northern Virginia | | | | | |
|---|---|---|---|---|---|
| **Years of Experience** | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
| **Hourly Rate** | $250-435 | $350-600 | $465-640 | $520-770 | $505-820 |

*Entegee, Inc. v. Metters Indus., Inc.*, No. 1:17-CV-499-CMH-MSN, 2018 WL 3472819, at *2 (E.D. Va. July 19, 2018). The Court finds no reason to deviate from the reasonable range of rates provided in the *Vienna Metro* matrix. When comparing Plaintiffs' counsel's rates to the rates in the *Vienna Metro* matrix, each of counsel's rates falls within the range set out in the matrix. For this reason, the Court finds that the hourly rate charged by Plaintiffs' counsel aligns with the hourly rates of similarly experienced attorneys in the Northern Virginia area.

After evaluating the *Robinson* factors and Vienna Metro Matrix, the Court finds Plaintiffs' counsel's rates and the number of hours worked reasonable. Thus, it will award Plaintiffs $71,452.00 in attorneys' fees.

## II. Costs

The Federal Rules of Civil Procedure also allow a prevailing party an award of costs incurred unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. FED. R. CIV. P. 54(d)(1). Plaintiffs' counsel request $4,889.29 in costs for service of process fees; legal research fees; filing fees, postage, and courier rates; travel to visit clients; and translation fees. (ECF No. 68-1 at ¶ 12; ECF No. 68-2 ¶ 7; ECF No. 68-3 ¶ 16.) The Court finds these costs reasonable, and makes a cost award of $4,889.29.

For all these reasons, it is hereby

ORDERED that Plaintiffs' Motion is GRANTED; and it is further

ORDERED that Defendants Mario Angel, Clara Ramirez, and Angel Storage Construction, LLC are jointly and severally obligated to pay Plaintiffs, to benefit their attorneys, $71,252 for attorneys' fees and $4,889.29 for costs, equaling $76,341.29.

Entered this 6th day of November 2024.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia